CHARLES CARROLL, Judge.
This appeal is from a final judgment in an interpleader action filed by an escrow agent against the appellant Maurice Fox and the appellee Palm Beach North, Incorporated, herein referred to as PBNI.
Fox was the seller of a tract of land. PBNI became the owner, and made a purchase money mortgage to Fox. Those parties entered into an escrow agreement under which the plaintiff James S. Roth was made the escrow agent. There were two subsequent written amendments thereto. This action was filed when a controversy arose as to the amounts the parties were to receive from time to time, of the monies held in escrow.
By the assignments and cross-assignments of error three questions are presented. First, Fox contends the trial court committed error in holding that provision in the escrow agreement to limit the amount to be disbursed therefrom to PBNI in any calendar year was inoperative for vagueness. Second, a contention by PBNI that Fox should not receive $16,000 per month from the escrow account, as provided for in the written escrow agreement because of an alleged oral modification *487 thereof by which Fox agreed to accept less, to-wit: $12,000 per month, and that the trial court erred in holding the alleged oral amendment of the written escrow agreement had not been proved. Third is a contention by PBNI that the trial court erred in charging it with the costs and attorney fees allowed to the interpleader plaintiff.
The tract of land was being subdivided by PBNI. As portions thereof were sold the sale proceeds were placed in the escrow. In paragraph numbered four of the escrow agreement it was stated: “The es-crowee shall pay out of escrow in the following order of priority to the extent that funds suffice:
* * * * * *
“(b) To PBNI, 10% of all lot sale contract proceeds, substantially as received, provided that neither the Fox mortgage nor the bank mortgage is then in default and provided that neither Fox nor the bank shall have notified the es-crowee of default in any other obligation of PBNI to either of them;
******
“(f) If at any time after October 31, 1970, all bank loans of PBNI have been fully paid and if the Fox note and mortgage are not in default, any funds remaining in escrow each month, after payment for that month of $16,000 to Fox on account of the Fox note and mortgage shall be disbursed to PBNI, not to exceed a maximum of $75,000 in any calendar year, inclusive of any payments to PBNI under Par. 4(b) above. The Fox monthly payments shall be cumulative, so that whenever less than $16,000 is paid to Fox in any month, the deficit shall be made up in successive months before any disbursement under this subparagraph (f) is made to PBNI.”
At the times involved here the bank loans of PBNI, as referred to in 4(f), had been paid, and the Fox note and mortgage were not in default. The right of Fox to receive $16,000 per month from the amounts in escrow was plainly stated in the agreement. We find to be without merit the contention of the appellee PBNI that the court erred in holding the alleged oral amendment to the escrow agreement, to reduce the monthly take of Fox from $16,000 to $12,000 was not established by the evidence. That holding of the trial court is supported by competent substantial evidence in the record.
We find merit in the contention of the appellant that the trial court erred in concluding that the ceiling placed on the amount to be received from the escrow by PBNI in any calendar year was ineffective because of vagueness. Paragraph 4(f) as quoted above obviously states that the excess available after receipt by Fox of $16,000 per month may be disbursed to PBNI, not to exceed $75,000 in any calendar year, inclusive of payments PBNI receives under paragraph 4(b). Under the latter PBNI received 10% of all sales at the time the sales were made. We do not share the uncertainty found by the trial court in those provisions of the escrow agreement. Clearly 4(f) intended to impose a limitation on the amount which PBNI would be entitled to receive from the escrow funds in any calendar year. To hold that no limitation should be imposed is contrary to the basic intent of the escrow agreement in that regard. The fact that the amounts received by PBNI under paragraph 4(b) [10% of lot sales] might approach or exceed $75,000 in a calendar year, precluding PBNI from receiving more from the escrow because of the limitation contained in paragraph 4(f), was no reason to remove the express limitation on the receipts therefrom by PBNI in a calendar year as contained in the escrow agreement. It was provided that amounts in excess thereof in a year could be applied by PBNI on the mortgage. To permit PBNI to withdraw all escrow monies above $16,000 per month to Fox would reduce that possibility.
We hold that the ruling of the trial court which held invalid and ineffective *488 the provision of the escrow agreement limiting the amount which could be disbursed from the escrow to PBNI in any calendar year was incorrect, and that portion of the judgment is reversed.
The remaining point, based on a cross-assignment of PBNI that the trial court erred in charging it with the costs and fees allowed to the interpleader plaintiff is without merit for the reason that the escrow agreement contained a provision for such expenses to be charged to PBNI.
Accordingly, the judgment is affirmed in part and reversed in part in the respects set out above.